# EXHIBIT A

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF <u>FLORENCE</u> | ) | |
| Marion Kempf, | ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) | ) | |
| vs. | ) | 2017-CP-21-<u>1555</u> |
| Eagles Landing Restaurants, LLC, and Mohamed Makawi | ) | |
| Defendant(s) | ) | |

FILED
2017 JUN -9 PM 12: 48
DORIS JULOS O'HARA
CLERK OF
FLORENCE COUNTY, SC

| Submitted By: JOSEPH JAKOB KENNEDY | SC Bar #: | 72619 |
|---|---|---|
| Address: WHITTINGTON & KENNEDY, LLC | Telephone #: | (843) 464-7821 |
| PO BOX 653 | Fax #: | (843) 492-0424 |
| MULLINS, SC 29571 | Other: | |
| | E-mail: | JAKE@WHITTINGTON-KENNEDY.COM |

**NOTE:** The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☒ **JURY TRIAL** demanded in complaint.   ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

CERTIFIED A TRUE COPY
CLERK OF COURT
FLORENCE COUNTY

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☐ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20___-NI-___-___ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ Warranty (160) | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| | ☐ Other (299) ___ | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☐ Employment Discrim (170) | | ☐ Slander/Libel (380) | ☐ Other (499) ___ |
| ☒ Employment (180) | | ☐ Other (399) ___ | |
| ☐ Other (199) ___ | | | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) ___ | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) ___ | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| Special/Complex /Other | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Petition for Workers Compensation Settlement Approval (780) | |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | ☐ Other (799) ___ | |
| ☐ Other (699) ___ | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| ☐ Sexual Predator (510) | ☐ Pre-Suit Discovery (670) | | |
| ☐ Permanent Restraining Order (680) | | | |

Submitting Party Signature: _J. Jak Kennedy_   Date: _June 8, 2017_

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (03/2016)                                                                                                Page 1 of 2

**Effective January 1, 2016,** Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**Pursuant to the ADR Rules, you are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** **You must comply with the Supreme Court Rules regarding ADR.**
**Failure to do so may affect your case or may result in sanctions.**

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF FLORENCE ) | Civil Action No.: 2017-CP-21-1555 |
| ) | FILED 2017 JUN -9 PM 12:48 |
| Marion Kempf, ) | DORIS POULOS O'HARA |
| ) | CCCP & GS |
| Plaintiff, ) | FLORENCE COUNTY, SC |
| ) | **SUMMONS** |
| vs. ) | |
| ) | |
| Eagles Landing Restaurants, ) | |
| LLC, and Mohamed Makawi, ) | |
| ) | |
| Defendants. ) | |

TO: THE DEFENDANTS NAMED ABOVE

YOU ARE HEREBY SUMMONED AND REQUIRED to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to the said Complaint on the subscribers at their address at PO Box 653, Mullins, SC 29574, within thirty (30) days after the service thereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for judgment by default for the relief demanded in the Complaint.

Mullins, S.C.
June 8, 2017

WHITTINGTON & KENNEDY, LLC

By: _____
J. Jakob Kennedy, Esq.
SC # 72619
PO Box 653
Mullins, SC 29574
(843) 464-7821
jake@whittington-kennedy.com

ATTORNEYS FOR PLAINTIFF

CERTIFIED: A TRUE COPY

_Doris Poulos O'Hara_
CLERK OF COURT C.P. & G.S.
FLORENCE COUNTY, S.C.

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF FLORENCE ) | Civil Action No.: 2017-CP-21-1555 |
| Marion Kempf, ) | |
| Plaintiff, ) | |
| ) | COMPLAINT |
| vs. ) | (JURY TRIAL DEMANDED) |
| ) | |
| Eagles Landing Restaurants, ) | |
| LLC, and Mohamed Makawi, ) | |
| ) | |
| Defendants. ) | |

FILED 2017 JUN -9 PM 12:48 DORIS POULOS O'HARA CCCP & GS FLORENCE COUNTY, SC

Plaintiff Marion Kempf, through counsel, files this complaint against Eagles Landing Restaurants, LLC ("Eagles Landing") and Mohamed Makawi and alleges violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq., and the South Carolina Payment of Wages Act (SCPWA), S.C. Code Ann. §§ 41-10-10 to 110, as follows:

## JURISDICTION & VENUE

1. Pursuant to S.C. Code § 36-2-802 and the due process clause of the Fourteenth Amendment to the United States Constitution, this Court has personal jurisdiction over all parties because Plaintiff is a natural person domiciled in South Carolina, Defendant Mohamed Makawi is a natural person domiciled in South Carolina, and Defendant Eagles Landing is a limited liability company organized under South Carolina law and maintaining its principal place of business in South Carolina.

2. This Court has concurrent subject matter jurisdiction over Plaintiff's claim(s) arising under the laws of the United States, specifically the

Page 1 of 8

CERTIFIED: A TRUE COPY
*[signature]* Doris Poulos O'Hara
CLERK OF COURT C.P. & G.S.
FLORENCE COUNTY, S.C.

FLSA and original subject matter jurisdiction over Plaintiff's claim(s) arising under the laws of the State of South Carolina, specifically the SCPWA.

3.    Venue is proper with this Court because Defendant Eagles Landing Restaurants, LLC, is a domestic limited liability company with a principal place of business in Florence County at the time the causes of action arose and Defendant Mohamed Makawi is a resident individual who resides and resided in Florence County at the time the causes of action arose.

## STATEMENT OF FACTS

4.    Eagles Landing owns and operates IHOP® restaurant franchises in North Carolina and South Carolina. Mohamed Makawi is the CEO of Eagles Landing, has a significant ownership interest in Eagles Landing, supervises and controls employee work schedules and conditions, has the ability to make hiring and firing decisions, maintains employment records, and has control of significant aspects of the enterprise's day-to-day operations including the compensation of employees.

5.    Plaintiff has been an employee of Eagles Landing and Mohamed Makawi since April 23, 2013, as a personal assistant to Mohamed Makawi with the primary job duties of screening and directing phone calls, distributing correspondence, handling requests and queries, managing Makawi's schedule, making travel arrangements for Makawi, and similar secretarial tasks. Plaintiff has never supervised other employees, had hiring or firing authority, or had managerial responsibilities while employed by the Defendants.

6.  Since April 23, 2013, Plaintiff performed her work in exchange for a weekly salary of Nine Hundred Forty-Two and 50/100 ($942.50) Dollars. During this period of time, Plaintiff regularly worked more than forty (40) hours each workweek (with the exception of two vacation weeks per year) but was not compensated at one-and-one-half her calculated regular hourly rate for all hours worked more than forty (40) in each workweek.

7.  On May 16, 2017, Plaintiff hand-delivered to Defendant Mohamed Makawi a written demand for her unpaid overtime wages. The next day, and continuing through the present date, Defendants retaliated against Plaintiff by:

 a) reducing her regular rate of pay;

 b) assigning her to clean the restrooms;

 c) referring to her in the third person "she" while in her presence;

 d) ignoring her while in her presence;

 e) depriving her of all accrued, unused vacation leave and sick leave;

 f) relocating her from an office with walls and a door to a cubicle in the middle of the office;

 g) requiring her to record her daily work activities;

 h) promoting a co-worker to a supervisory position and assigning Plaintiff to report to that co-worker as a subordinate employee;

 i) eliminating her work e-mail address; and

 j) such other particulars to be proven at trial.

## FOR A FIRST CAUSE OF ACTION
## (FAIR LABOR STANDARDS ACT OVERTIME WAGE VIOLATIONS)

8. All preceding paragraphs are incorporated by reference as if fully stated here verbatim.

9. Defendant Eagles Landing engages in commerce and/or the production of goods for commerce and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

10. Plaintiff is an "employee" of Eagles Landing and Mohamed Makawi within the meaning of 29 U.S.C. §203(e) of the FLSA.

11. Defendants Eagles Landing is Plaintiff's "employer" within the meaning of 29 U.S.C. §203(d) of the FLSA.

12. Defendant Mohamed Makawi is Plaintiff's "employer" within the meaning of 29 U.S.C. §203(d) of the FLSA.

13. Defendants were prohibited by law from employing Plaintiff for a workweek longer than forty (40) hours unless Plaintiff received compensation at a rate not less than one and one-half times her regular hourly rate for all hours worked more than forty (40) in each workweek.

14. Defendants were required by law to make, keep, and preserve records of Plaintiff's hours worked but did not.

15. Since April 23, 2013, Plaintiff regularly worked more than forty (40) hours each workweek (with the exception of two vacation weeks per year) but was not compensated at one-and-one-half her regular hourly rate for all hours worked more than forty (40) in each workweek.

16. Upon information and belief, Defendants were aware of the minimum wage and overtime requirements of the FLSA but never investigated their potential application to the Plaintiff.

17. Defendants knew or showed reckless disregard for the matter of whether their conduct of refusing to pay the Plaintiff overtime was prohibited by the FLSA and this conduct was "willful" within the meaning of 29 U.S.C. § 255(a) of the FLSA.

18. As a result of the Defendants' willful failure to compensate Plaintiff at a rate not less than one and one-half times her regular rate of pay for work performed in excess of forty (40) hours in a workweek, the Defendants have violated the FLSA, 29 U.S.C, §§ 201 *et seq*, and Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid overtime compensation, an additional equal as liquidated damages, reasonable attorneys' fees, costs of the action, and for such legal or equitable relief as may be appropriate.

## FOR A SECOND CAUSE OF ACTION
### (FAIR LABOR STANDARDS ACT – RETALIATION)

19. All preceding paragraphs are incorporated by reference as if fully stated here verbatim.

20. Section 215(a)(3) of the FLSA makes it unlawful for an employer to discharge or otherwise discriminate against any employee because the employee has filed any complaint or instituted or caused to be instituted any proceeding under the FLSA, or has testified or is about to testify in any such proceeding. Further, the remedial purpose of the FLSA requires that

intracompany complaints be considered protected activity within the meaning of the FLSA's anti-retaliation provision.

21. On May 16, 2017, Plaintiff hand-delivered to Defendant Mohamed Makawi a written demand for her unpaid overtime wages. The next day, and continuing through the present date, Defendants retaliated against Plaintiff by:

a) reducing her regular rate of pay;

b) assigning her to clean the restrooms;

c) referring to her in the third person "she" while in her presence;

d) ignoring her while in her presence;

e) depriving her of all accrued, unused vacation leave and sick leave;

f) relocating her from an office with walls and a door to a cubicle in the middle of the office;

g) requiring her to record her daily work activities;

h) promoting a co-worker to a supervisory position and assigning Plaintiff to report to that co-worker as a subordinate employee;

i) eliminating her work e-mail address; and

j) such other particulars to be proven at trial.

22. As a result of the Defendants' retaliatory conduct set forth above, the Defendants have violated the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3)), and Plaintiff is entitled to recover from Defendants, jointly and severally, restoration to her pre-complaint position and pay, recovery of lost wages and liquidated damages equal to the lost wages; front pay; compensatory damages; reasonable attorney's fees and costs; pre-judgment interest; punitive damages; and for such legal or equitable relief as may be appropriate.

## FOR A THIRD CAUSE OF ACTION
## (SOUTH CAROLINA PAYMENT OF WAGES ACT VIOLATIONS)

23. All preceding paragraphs are incorporated by reference as if fully stated here verbatim.

24. Eagles Landing and Mohamed Makawi are each Plaintiff's "employer" within the meaning of S.C. Code § 41-10-10(1) of the SCPWA.

25. Defendants employed Plaintiff with the understanding that her compensation would comply with all applicable laws including federal and state wage and hour laws.

26. Defendants changed the terms of her normal hours and wages agreed upon without providing her written notice of the changes at least seven calendar days before they became effective and in violation of S.C. Code § 41-10-30(A).

27. In addition, Defendants withheld portions of Plaintiff's wages without permission to do so by state or federal law and in violation of S.C. Code § 41-10-40(C). Despite written demand for unpaid wages, Defendants have not given Plaintiff written notice of the amount of wages they concede are due and have failed to pay that amount without condition in violation of S.C. Code § 41-10-60.

28. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has been deprived of mandatory wages and notices and is entitled to three (3) times the full amount of the unpaid wages, plus costs and reasonable attorney's fees as the court may allow.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment providing the following relief:

a) damages for lost pay and benefits;

b) liquidated damages;

c) emotional distress damages;

d) damages for all wages wrongfully withheld;

e) double damages for willful and wrongful withholding of wages;

f) prejudgment and post judgment interest at the statutory rate;

g) reasonable attorney's fees and costs; and

h) such further and additional relief the court shall deem just and equitable.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the *South Carolina Rules of Civil Procedure*, the Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Mullins, S.C.

June 8th, 2017

WHITTINGTON & KENNEDY, LLC

By: _____
J. Jakob Kennedy, Esq.
SC # 72619
PO Box 653
Mullins, SC 29574
(843) 464-7821
jake@whittington-kennedy.com

ATTORNEYS FOR PLAINTIFF