# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | | |
|---|---|---|
| Marion Kempf, | ) | Civil Action No: 4:17-cv-01770-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER APPROVING** |
| v. | ) | **CONFIDENTIAL SETTLEMENT** |
| | ) | **UNDER THE FAIR LABOR** |
| Eagles Landing Restaurants, LLC and | ) | **STANDARDS ACT AND DISMISSING** |
| Mohamed Makawi, | ) | **ACTION WITH PREJUDICE** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the Court by way of a Consent Motion. The attorneys for the Parties jointly request approval of the Confidential Waiver, Release and Settlement Agreement reached between the Parties in the above captioned lawsuit. On June 9, 2017, this lawsuit was filed by Plaintiff against Defendants for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10, et seq. ("SCPWA"). On July 6, 2017, Defendants removed this action to the United States District Court, District of South Carolina, Florence Division. The Defendants have denied, and continue to deny, any violations of the FLSA or the SCPWA.

In an effort to avoid the burden, expense, and uncertainty of continuing litigation, the Parties engaged in settlement discussions to resolve this bona fide dispute. The Parties fully and finally resolved their disputes and memorialized these settlement terms in a Confidential Waiver, Release and Settlement Agreement ("Agreement"). The Parties agreed to keep the terms of the settlement confidential.[1] The Agreement resolves the bona fide dispute among the Parties and all of Plaintiff's claims of any nature.

---

[1] A copy of the Parties' Settlement Agreement was e-mailed to the Court's chambers for review in camera. The Parties desire to maintain a confidential settlement agreement. While the Parties have not filed the Settlement Agreement with the Court, they do seek the Court's in camera review and approval of the confidential settle

1

The Court, after reviewing the Agreement, finds that it is a fair and reasonable compromise of the disputed issues, including the apportionment of the settlement proceeds and the payment of attorney's fees to Plaintiff's counsel.

Based upon the above, for good cause having been shown, by and with the consent of counsel for the Plaintiff and counsel for the Defendants, the Court hereby approves the settlement, including the Confidential Waiver, Release and Settlement Agreement, and dismisses this action with prejudice, with each party bearing its own costs, attorneys' fees and expenses, except as provided in the Confidential Waiver, Release and Settlement Agreement.[2]  The Court declines to retain jurisdiction of this matter to enforce the settlement agreement.

**IT IS SO ORDERED.**

November 17, 2017  
Florence, South Carolina

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

We Consent:  s/ J. Jakob Kennedy

Counsel for Plaintiff(s)

s/ Amanda C. Williams  
Counsel for Defendant(s)

---

ment pursuant to *Taylor v. Progress Energy, Inc.*, 415 F.3d 364 (4th Cir. 2005).  The Court's review of the settlement and subsequent dismissal does not fall within the purview of Local Rule 5.03(e).  This Settlement Agreement does not involve "court enforced secrecy" since the penalty for disclosure is not contempt of court.  As Judge Anderson noted, "Rule 5.03 addresses court ordered secrecy, i.e., a settlement whereby the parties consent to an order of the court directing that the settlement, the court documents, or whatever else the parties agree upon, remain secret.  It is one thing to say that the parties have the right, as they do, to agree upon secrecy inter se; it is quite another to suggest that there is some legal right to force a judge to sign an order requiring that the parties 'hush up' on pain of contempt of court."  Joseph F. Anderson, Jr., Hidden from the Public by Order of the Court: The Case Against Government-Enforced Secrecy, 55 S.C. L. Rev. 711, 727 (2004).  In contrast, this dismissal order does not order the Parties to keep silent.  Rather, the Parties have agreed among themselves not to disclose the terms.

[2] The Settlement Agreement has been approved by counsel for the Parties and signed by all Parties.